IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAVARIS JAMAR MEANS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-CV-2231-L |
| | ) | |
| DALLAS COUNTY JAIL, ET AL., | ) | |
| Defendants. | ) | |

## FINDINGS CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

## I. Background

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are the Dallas County Jail, the Dallas Police Department, Attorney Stephen Miller, investigator Paula Cook, Judge Barnes, Misha Smith, Mr. Wallace, Miss Price, and two unknown police officers. The Court has not issued process pending judicial screening.

Plaintiff claims two unknown police officers assaulted him when they arrested him. He states they pushed him against a wall and threw him into the police car. He claims he hurt his knee and back. He claims his defense attorney, Stephen Miller, failed to fight for his innocence and forced him to plead guilty to a charge of family violence when he was not guilty. He states

Stephen Miller's investigator, Paula Cook, failed to timely give his apartment keys to his family, and as a result, he lost the items in his apartment. He states that Judge Barnes presided over his criminal case and that Judge Barnes failed to respond to his letters. He states the prosecutors lied to him and told him he would be time served, but instead he was sentenced to prison. He claims Mr. Wallace and Miss Price are jail employees and that they forged his name on a medical refusal. He seeks $100 million in damages.

## II.  Screening

The court permitted Plaintiff to proceed *in forma pauperis*. His complaint is thus subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable to all *in forma pauperis* actions).

Sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## III. Discussion

### A. Non-Jural Entity

Plaintiff named the Dallas Police Department and Dallas County Jail as defendants. A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency jural authority." *Darby*, 939 F.2d at 313 (agency of city government). Governmental offices and departments do not have a separate legal existence. *See, e.g. Magnett v. Dallas County Sheriff's Department*, No. 3:96-CV-3191, 1998 U.S. Dist. WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (finding Dallas County Sheriff's Department not a legal entity); *Lindley v. Bowles*, No. 3:02-CV-595-P, 2002 WL 1315466 at *2 (N.D. Tex. June 12, 2002) (finding Dallas County Jail is not a proper defendant with a jural existence). *Prenosil v. Dallas County Jail*, No. 3:93-CV-1130-D, slip op. at 2 (N.D. Tex. Jan. 2, 1995) (same). These Defendants should therefore be dismissed.

### 2. Color of Law

To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). The Fourteenth Amendment of the Constitution provides in part that "[n]o State shall . . . deprive any person of life, liberty, or property without due process of law." The Fourteenth Amendment prohibits only

that action which may be fairly attributed to the States. *Shelley v. Kramer*, 334 U.S. 1, 13 (1948). The Fourteenth Amendment does not shield purely private conduct, however discriminatory or wrongful. *Id.; see also Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349 (1974); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 169 (1970).

In this case, Plaintiff sues Misha Smith, whom he claims filed criminal charges against him. Plaintiff, however, has failed to show that this defendant acted under color of state law.

Plaintiff sues his defense attorney Stephen Miller for failing to adequately represent him in his criminal case, and his investigator Paula Cook for failing to give his apartment keys to his family. Defense attorneys and their staff are not "state actors" and cannot be sued under 42 U.S.C. § 1983. *See Mills v. Criminal Dist. Court. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988); *Eaves v. Texas*, 427 Fed. Appx. 378, 379 (5th Cir. 2011). Plaintiff's claims against these defendants should be summarily dismissed.

3.  **Immunity and *Heck v. Humphrey***

Plaintiff sues the judge who presided over his criminal case, and the prosecutor for his case. Judges and prosecutors have absolute immunity for actions taken within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996); *Imber v. Pachtman*, 424 U.S. 409, 427 (1976). Plaintiff's claims arise from these Defendants' actions in Plaintiff's criminal case. These defendants should therefore be dismissed.

Additionally, to the extent Plaintiff alleges Defendants lied to him regarding his sentence or guilty plea, Plaintiff's claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). Heck holds that a prisoner cannot bring a § 1983 action challenging his conviction or confinement unless and until the reason for his continued detention

has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. The critical inquiry is whether a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id.* at 486-87. If so, the claim is barred. *Id.*

Plaintiff's claims that Defendants lied to him about his sentence and guilty plea would necessarily imply the invalidity of his conviction. Plaintiff, however, has not alleged that his conviction has been declared invalid. These claims should therefore be dismissed.

4.  **Jail Employees**

Plaintiff states that Mr. Wallace and Ms. Price are jail employees who forged his signature on a medical refusal for providing a blood sample. He states the doctor said he did not have to give a sample for the month. (Magistrate Judge's Questionnaire, Answer 1E and D.) Although the Magistrate Judge's Questionnaire instructed Plaintiff to provide all facts regarding his claim, Plaintiff has provided no further information on this claim. Plaintiff's allegations fail to state a claim under § 1983.

5.  **Unknown Officers**

Plaintiff claims that the two officers who arrested him pushed him against a wall and threw him into the police car. He states his back and knee were injured. Plaintiff states he did not receive any medical treatment for his injuries. (Magistrate Judge's Second Questionnaire, Answer 1.) Taking Plaintiff's allegations as true, the Court is unable at this point to determine that Plaintiff's allegations are frivolous. The Court therefore recommends that Plaintiff's § 1983 claims against these Defendants be served.

## IV.  Recommendation

The Court recommends that Plaintiff's claims against the two unknown police officers be served and that Plaintiff's remaining claims be summarily dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

Signed this ___ day of _____, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).