IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **TAVARIS JAMAR MEANS,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:15-CV-2231-L** |
| § | |
| **DALLAS COUNTY JAIL,** *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER

This case was referred for screening to Magistrate Judge Paul D. Stickney, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on November 18, 2015, recommending that the court allow Plaintiff's claims against the two unknown police officers to proceed and summarily dismiss Plaintiff's claims against the remaining Defendants pursuant to 28 U.S.C. ¶¶ 1915A(b) and 1915(e)(2)(B). No objections to the Report were received by the court as of the date of this order. For the reasons that follow, the court **accepts in part** and **rejects in part as moot** the magistrate judge's findings and conclusions.

**I.     Plaintiff's Claims Against All Defendants Other than the Unknown Police Officers**

After considering the pleadings, file, the record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge regarding Plaintiff's claims against all Defendants other than the two unknown police officers are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses with prejudice** these claims pursuant to 28 U.S.C. ¶¶ 1915A(b) and 1915(e)(2)(B).

## II. Plaintiff's Claims Against Two Unknown Police Officers

As previously noted, the magistrate judge recommended that the court allow Plaintiff's claims against the two unknown police officers to proceed; however, no objections to the Report were filed, and the clerk's attempts to deliver the Report to Plaintiff were unsuccessful. On December 2, 2015, the Report that was mailed to the address provided by Plaintiff was returned as undeliverable. On December 29, 2015, the Report was mailed by the clerk of the court to the alternative address provided by Plaintiff on August 13, 2015. On January 5, 2016, the Report was again returned as undeliverable.

After filing this action, Plaintiff was warned that this action may be dismissed if he failed to promptly notify the court of changes to his address. Doc. 2 ("You must notify the Court if your address changes, or your case may be dismissed. Promptly file a written change of address notice in your case."). Moreover, this is not the first time that Plaintiff has failed to prosecute or comply with court orders. Rather than allow Plaintiff's remaining claims against the two unknown police officers proceed as recommended by the magistrate judge, the court, pursuant to Federal Rule of Civil Procedure 41(b), **dismisses without prejudice** the claims for failure to prosecute and comply with court orders. The court's decision to dismiss without prejudice Plaintiff's remaining claims against the two unknown police officers moots the magistrate judge's recommendation as to these claims. Accordingly, the court **rejects as moot** the magistrate judge's findings and conclusions regarding these claims.

## III. Appeal by Plaintiff

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. 24(a)(3). Plaintiff, however, may challenge this

finding pursuant to *Baugh v. Taylor*, 117 F. 3d 197 (5th Cir. 1997), by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, United States Court of Appeals for the Fifth Circuit, within 30 days of this order. The cost to file a motion to proceed on appeal with the Fifth Circuit is set forth below, and if Plaintiff moves to proceed on appeal *in forma pauperis*, the prison authorities having custody of Plaintiff shall forward payments from Plaintiff's prisoner account to the clerk of the court in accordance with 28 U.S.C. § 1915(b)(1) and (2).[*] Plaintiff is not assessed an initial partial appellate fee. Plaintiff shall pay $505, the balance of the filing fee, in periodic installments in accordance with 28 U.S.C. § 1915(b)(1) and (2).

**It is so ordered** this 13th day of January, 2016.

Sam A. Lindsay
United States District Judge

---

[*] Section 1915(b)(1) and (2) provide:

(b)(1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—

(A) the average monthly deposits to the prisoner's account; or

(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.